92 N.J. Super. 241 (1966)
222 A.2d 769
ITZEN & ROBERTSON, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOARD OF HEALTH OF THE BOROUGH OF OAKLAND AND ELSIE BARWICK, SECRETARY OF THE BOARD OF HEALTH OF THE BOROUGH OF OAKLAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1966.
Decided September 20, 1966.
*242 Before Judges CONFORD, FOLEY and LEONARD.
Messrs. Hirschklau, Wasserman & Welch for appellants.
Mr. Jerome A. Vogel argued the cause for respondent (Messrs. Jeffer, Walter & Tierney, attorneys).
*243 PER CURIAM.
We have concluded that the judgment should be affirmed essentially for the reasons stated in the opinion of Judge Schneider in the Law Division concerning the lack of statutory authorization for the requirement of maintenance bonds. We express no opinion as to the criticism concerning absence of proper legislative standards.
We take note of appellants' contention that any defects in the ordinance held partially invalid by Judge Schneider were cured by amendment of the ordinance subsequent to the judgment and that plaintiff's grievance has accordingly become moot. To this we have these responses:
1. We are not at all certain that a judgment commanding the issuance of a permit to a sewage disposal system-contractor for the erection by it for an owner of such a system can be abated by a later ordinance imposing qualifying conditions on such a contractor not involving use or zoning regulations. The analogy of such cases as Hohl v. Readington Tp., 37 N.J. 271 (1962), may not necessarily apply.
2. Assuming the amendatory ordinance does control, we find that it does not cure the basic infirmity of the original requirement for the filing by the sewerage contractor of a maintenance bond in favor of the owner. There is no statutory authority, express or fairly to be implied, for the imposition by the Board of Health on the contractor of a modification of his contract with the owner so as to require him to afford security to the owner for the satisfactory operation of the sewerage system for a period of one year. To be distinguished would be a requirement that the owner of the property execute a security arrangement in favor of the municipality for the satisfactory operation of a sewerage system which the owner procures to be erected on his property. As to this, however, we express no opinion.
Judgment affirmed.